IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,              )
                                       )
                        Plaintiff,     )
                                       )
            vs.                        )       No.  20-CR-30123-NJR
                                       )
CAMERON J. BLAKE,                      )
                                       )
                        Defendant.     )

## PLEA AGREEMENT

The attorney for the United States and the attorney for the Defendant have engaged in

discussions and have reached an agreement, pursuant to Federal Rule of Criminal Procedure

11(c)(1)(B).  The terms are as follows:

### I.   Charges, Penalties, and Elements

1.      Defendant understands the charge contained in the Indictment, and will plead

guilty to Counts 1 through 8 contained in the Indictment.  Defendant understands the essential

elements of this count and the possible penalties, as set forth below:

| Count | Charge | Statutory Penalties | Essential Elements |
|-------|--------|---------------------|--------------------|
| 1, 3, 5, 7 | Charge<br><br>18 U.S.C. § 1951 | **Imprisonment: NMT 20 years**<br>**Fine:** up to $250,000<br>**Supervised Release: NMT 3 years**<br>**Special Assessment: $100** | 1. The defendant knowingly obtained property or money from another without that person's consent;<br>2. The defendant did so by means of robbery;<br>3. That the defendant believed that [victim] parted with the money or property because of the robbery;<br>4. As a result of the defendant's actions, interstate commerce, or an item moving in interstate commerce, was actually or potentially delayed, obstructed, or affected in any way. |

| Count | Charge | Statutory Penalties | Essential Elements |
|-------|--------|---------------------|---------------------|
| 2, 4, 6, 8 | Charge<br><br>18 U.S.C. § 924(c) | **Imprisment: NLT 7 years to life (consecutive)**<br>**Fine:** up to $250,000<br>**Supervised Release: NMT 5 years**<br>**Special Assessment: $100** | 1. The defendant committed the elements of a crime of violence of Interference with Commerce by Robbery as described in Count 1, 3, 5, and 7; and<br>2. The defendant knowingly used or carried a firearm during and relation to such crime;<br>3. The defendant brandished a firearm. |

Defendant committed acts that satisfy each of the essential elements listed above.

    2.      The United States agrees to dismiss Count 8 at the time of sentencing.

    3.      Title 18, United States Code, Section 3013 requires the Court to assess a $100 "special assessment" per felony count. Defendant understands that the special assessment will be due immediately at the time of sentencing.

    4.      Defendant understands that the United States may recommend, and the Court may impose, a fine, costs of incarceration, and costs of supervision. The Defendant agrees to participate in the Inmate Financial Responsibility Program to help satisfy any financial obligations.

    5.      Defendant agrees to sign the Stipulation of Facts by and between the parties.

    6.      Defendant shall provide the United States Probation Office with all information requested to prepare the Presentence Report, including signing all releases. Defendant agrees that the Probation Office may share any financial information with the United States Attorney's Office and Defendant waives any rights Defendant may have under the Right to Financial Privacy Act. Defendant agrees to make complete financial disclosure by truthfully filling out a financial statement, at the direction of the United States Attorney's Office.

## II. Advisory Sentencing Guidelines

2

1.      Defendant understands that in determining the sentence, the Court is obligated to consider the minimum and maximum penalties allowed by law. In determining what sentence to impose, the Court will also calculate and consider the applicable range under the U.S. Sentencing Guidelines. The Court will ultimately determine the sentence after hearing the arguments of the parties and considering the sentencing factors set forth at 18 U.S.C. §3553(a), which include:

    (i)    the nature and circumstances of the offense and the history and characteristics of the defendant;

    (ii)    the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (iii)    the kinds of sentences available;

    (iv)    the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and

    (v)    the need to provide restitution to any victim of the offense.

2.      Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the Court is not bound by the parties' calculations of the U.S. Sentencing Guidelines range set forth in this Plea Agreement or by the parties' sentencing recommendations. Therefore, the Court may impose a different sentence than what is described in this Plea Agreement - anywhere between the minimum sentence (if any) up to the statutory maximum sentence. If the Court imposes a different sentence than what is described in this Plea Agreement, the parties shall not be permitted to withdraw from the Plea Agreement and the Defendant will not be permitted to withdraw the guilty plea.

3.      The parties submit that, after all factors have been considered, Defendant will have the following advisory US Sentencing Guideline range:

3

Offense Level 25 (with acceptance)
Criminal History Category I
Imprisonment range: 309-323 months (57-71 months + 252 months)
Fine range: up to $250,000

4.      The parties submit that the applicable advisory Guideline calculation is as

follows:

Group 1: Armed Robbery at ZX Gas Station Swansea (Counts 1 & 2)

| Guideline Section | Description | Level |
|---|---|---|
| Chapter 2 Offense Conduct | | |
| §2B3.1(a) | Base Offense Level | 20 |
| §2K2.4 Application Note 4 | Do not apply SOC for possession of firearm when 924(c) sentence will be imposed | +0 |

Group 2: Armed Robbery at Huck's Food and Fuel (Counts 3 & 4)

| Guideline Section | Description | Level |
|---|---|---|
| Chapter 2 Offense Conduct | | |
| §2B3.1(a) | Base Offense Level | 20 |
| §2K2.4 Application Note 4 | Do not apply SOC for possession of firearm when 924(c) sentence will be imposed | +0 |

Group 3: Armed Robbery at ZX Gas Station Belleville (Counts 5 & 6)

| Guideline Section | Description | Level |
|---|---|---|
| Chapter 2 Offense Conduct | | |
| §2B3.1(a) | Base Offense Level | 20 |
| §2K2.4 Application Note 4 | Do not apply SOC for possession of firearm when 924(c) sentence will be imposed | +0 |

4

Group 4: Armed Robbery at Domino's Pizza (Counts 7 & 8) (Count 8 to be dismissed at sentencing)

| Guideline Section | Description | Level |
|---|---|---|
| Chapter 2 Offense Conduct | | |
| §2B3.1(a) | Base Offense Level | 20 |
| §2B3.1(b)(2)(C) | Specific Offense Characteristic – firearm was brandished or possessed | +5 |

Multiple Count Adjustment – U.S.S.G. § 3D1.4

| Group # | Adjusted Offense Level | Units |
|---|---|---|
| 1 (ZX Swansea) | 20 | ½ |
| 2 (Huck's) | 20 | ½ |
| 3 (ZX Belleville) | 20 | ½ |
| 4 (Domino's) | 27 | 1 |
| | Total | 2 ½ |

Highest Offense Level: 25

Total Number of Units: 2 ½ (add three levels)

Resulting Offense Level: 28

Counts 2, 4, 6 – 18 U.S.C. § 924(c) (Count 8 will be dismissed at sentencing)

| Guideline Section | Description | |
|---|---|---|
| § 2K2.4 | Guideline Sentence for violation of 924(c) is the minimum term of imprisonment required by statute | 84 months per count (total of 252 months) |

5.      **Guideline Disagreements:**  The Defendant's waiver of appeal (see, Section V.) includes a waiver of any right to appeal or collaterally challenge the District Court's ruling on any disputed Guideline provision.

5

6.      Defendant and the Government agree that Defendant has voluntarily demonstrated a recognition and affirmative acceptance of personal responsibility for this criminal conduct, and the Government will recommend a reduction of **2** Levels. See U.S.S.G. § 3E1.1. The parties also agree that the Defendant qualifies for an additional **1** Level reduction by timely notifying authorities of an intention to plead guilty thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. However, a reduction for acceptance of responsibility is dependent on Defendant not committing any acts or taking any position prior to sentencing inconsistent with acceptance of responsibility, including falsely denying, or frivolously contesting, relevant conduct or committing any acts constituting obstruction of justice.

7.      The parties submit that it appears the Defendant has amassed **(0) Criminal History** points and that, therefore, the Sentencing Guideline **Criminal History Category is I**.

8.      The parties acknowledge that the Defendant is in the best position to know if his criminal history information is correct and complete. If it is not, the sentencing calculations reflected in this Plea Agreement may be substantially impacted. Defendant further recognizes that the final calculation will be determined by the Court after considering the Presentence Report, the views of the parties, and any evidence submitted. Regardless of the criminal history found by the Court, the parties will not be able to withdraw from this plea agreement and the Defendant will not be able to withdraw the guilty plea.  The parties reserve the right to argue for, present testimony, or otherwise support the Probation Office's or the Court's findings as to Offense Level and Criminal History Category, which may be different from the calculations set forth in this Plea Agreement.

### III. **Sentencing Recommendations**

1.        The United States and Defendant have an agreed sentencing recommendation. The parties recommend that the Defendant be sentenced to 21 years (252 months) imprisonment.

### IV. **Limitation of Plea Agreement & Breach of the Agreement**

1.        All agreements between the parties are written and no other promises, inducements, representations, or threats were made to induce Defendant to enter into the Plea Agreement and Stipulation of Facts.  Defendant agrees that this Plea Agreement, the Stipulation of Facts, and any supplements, make up the entire agreement between the United States and Defendant and supersedes any other agreement, oral or written. The terms of this Plea Agreement can be modified only in writing signed by all of the parties.

2.        The United States will file a sealed supplement to this plea agreement, as required in every case in the Southern District of Illinois. That supplement may, or may not, include additional terms. If additional terms are included in the supplement, they are incorporated and made a part of this Plea Agreement.

3.        Defendant understands and acknowledges that the Plea Agreement is limited to the Southern District of Illinois, and cannot bind other federal, state or local prosecuting authorities other than expressly described in this plea agreement.  Defendant further understands and acknowledges that the Plea Agreement does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil proceedings directly or indirectly involving Defendant.

4.        If the Defendant commits any violation of local, state or federal law (other than a petty traffic offense), violates any condition of release, violates or fails to perform any term of this Plea Agreement, provides misleading, incomplete, or untruthful information to the U.S.

Probation Office, or fails to appear for sentencing, the United States, at its option, may ask the Court to be released from its obligations under this Plea Agreement. The United States may also, in its sole discretion, proceed with this Plea Agreement and may advocate for any sentencing position supported by the facts, including, but not limited to obstruction of justice and denial of acceptance of responsibility. No action taken or recommendation made by the Government pursuant to this paragraph shall be grounds for the Defendant to withdraw the guilty plea.

5.      Defendant agrees that in the event the Defendant materially breaches this Plea Agreement, or Defendant is permitted to withdraw Defendant's guilty plea(s), that any and all statements made by Defendant, whether under oath or not, at the change of plea hearing, and any evidence derived from such statements, are admissible against Defendant in any prosecution of or action against Defendant. Defendant knowingly and voluntarily waives any argument under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from any statements should be suppressed or are inadmissible.

## V.  **Defendant's Waiver of Rights, Consequences of Plea of Guilty, and Appeal Waiver**

1.      The Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. Defendant's counsel has explained the waivers of rights, and the consequences of those waivers, that are contained in this Plea Agreement.  Defendant fully understands that, as a result of the guilty plea, no trial will occur and that the only action remaining to be taken in this case is the imposition of the sentence.

2.      By pleading guilty, Defendant fully understands that Defendant is waiving the following rights:  the right to plead not guilty to the charges; the right to be tried by a jury in a

public and speedy trial; the right to file pretrial motions, including motions to suppress or

exclude evidence; the right at such trial to a presumption of innocence; the right to require the

United States to prove the elements of the offenses charged against Defendant beyond a

reasonable doubt; the right not to testify; the right not to present any evidence; the right to be

protected from compelled self-incrimination; the right at trial to confront and cross-examine

adverse witnesses; the right to testify and present evidence; and the right to compel the

attendance of witnesses.

3.      **Release Pending Sentencing:** Defendant acknowledges that Title 18, United

States Code, Section 3143(a)(2) requires that upon the Court's acceptance of a plea of guilty in

this case, the Court must order Defendant detained pending sentencing, in the absence of

exceptional circumstances as set forth in Title 18, United States Code, Section 3145(c).  The

United States and the Defendant agree that there are no exceptional circumstances that would

justify Defendant's release pending sentencing.

4.      Defendant understands that by pleading guilty, Defendant is waiving all appellate

issues that might have been available if Defendant had exercised the right to trial.

5.      Defendant is aware that Title 18, Title 28, and other provisions of the United

States Code afford every defendant limited rights to contest a conviction and/or sentence through

appeal or collateral attack.  However, in exchange for the recommendations and concessions

made by the United States in this Plea Agreement, **Defendant knowingly and voluntarily**

**waives the right to seek modification of, or contest any aspect of, the conviction or sentence**

**in any type of proceeding,** including the manner in which the sentence was determined or

imposed, that could be contested under Title 18 or Title 28, or under any other provision of

federal law. Defendant's waiver of the right to appeal or bring collateral attacks includes

9

contesting: 1) the constitutionality of the statute(s) to which Defendant is pleading guilty or under which Defendant is sentenced; and 2) that the conduct to which Defendant has admitted does not fall within the scope of such statute(s).

6. **Exceptions to the waiver of the right to appeal or bring a collateral attack:**

    a. If the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court, Defendant reserves the right to appeal the substantive reasonableness of the term of imprisonment. Defendant acknowledges that in the event such an appeal is taken, the United States reserves the right to fully and completely defend the sentence imposed, including any and all factual and legal findings supporting the sentence, even if the sentence imposed is more severe than that recommended by the United States.

    b. The defendant's waiver of the right to appeal or bring a collateral attack does not apply to a claim that Defendant received ineffective assistance of counsel. The United States reserves the right to oppose any such claim for relief. The parties agree that the Defendant is waiving all appeal and collateral attack rights, except those specified in this paragraph of the Plea Agreement.

7. Except as expressly permitted in the preceding paragraph, Defendant acknowledges that any other appeal or collateral attack may be considered a material breach of this Plea Agreement and the United States reserves the right to take any action it deems appropriate, including having a court declare that Defendant has materially breached this Plea Agreement.

8.      Defendant's waiver of appeal and collateral review rights shall not affect the United States' right to appeal Defendant's sentence pursuant to Title 18, United States Code, Section 3742(b).  This is because United States Attorneys lack any right to control appeals by the United States, through plea agreements or otherwise; that right belongs to the Solicitor General. 28 C.F.R. § 0.20(b).

9.      Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any Department or Agency of the United States, or unit of state government, any records pertaining to the investigation or prosecution of this case, including without limitation, any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States Code, Section 552a, or the Illinois Freedom of Information Act (5 ILCS 140) or the Illinois Open Meetings Act (5 ILCS 120).

10.     Defendant waives all civil claims against the United States or any official working on behalf of the United States during the investigation or prosecution of this matter.

## VI.  Agreement to Forfeit Assets

1.      Defendant agrees to forfeit to the United States the firearm referenced in the Superseding Indictment, being a Heckler Koch VP9, 9mm semi-automatic handgun, any and all ammunition contained therein or seized with the firearm; and  any and all property constituting, or derived from, any proceeds said defendants obtained, directly or indirectly, as the result of such violation and any property of the defendants used, or intended to be used, in any manner or part, to commit or to facilitate the commission of said offense.

2.      Defendant agrees that he has no legal interest in the firearm referenced in the Indictment and this plea agreement, and further agrees that said firearm should be returned to its

11

rightful owner.  Defendant also agrees that if the rightful owner of said firearm cannot be located, then Defendant waives any and all interest in said firearm and agrees to forfeiture of said firearm to the United States, and agrees that the United States may destroy the firearm at any time, without further notice, without completing the forfeiture process, and without any obligation to compensate the Defendant for the destruction of said firearm. The Court finds that said items are forfeitable; however, the United States may, at its discretion, proceed with the destruction of said items without completing the forfeiture process against same. The United States may abandon forfeiture of any of the items by filing notice of same with the Court.

3.      Defendant agrees to forfeit all interests in the properties as described above and to take whatever steps are necessary to pass clear title to the United States.  These steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, the signing of any other documents necessary to effectuate such transfers, and the execution of withdrawals of any claims or defenses which may have previously been asserted against the forfeiture of any of the property.  Defendant further authorizes his attorney to execute on the Defendant's behalf any documents requested by the Government to effectuate the forfeitures.

4.      Waiver of rights. The Defendant further specifically waives the following constitutional or legal rights which he may otherwise possibly have had:

(a)      Any right to assert that the forfeitures violate the 8th Amendment of the Constitution or otherwise constitute an excessive fine or forfeiture or cruel and unusual punishment.

(b)      Any right to assert that the imposition of the forfeitures constitutes jeopardy with respect to the constitutional prohibition against double jeopardy; and the Defendant specifically agrees that the imposition of any fine, restitution, imprisonment, costs of imprisonment, or penalty (either judicial or administrative) shall not be barred by the imposition of the forfeitures, nor shall the imposition of the forfeitures be barred by any such fine, restitution, imprisonment, costs of imprisonment, or penalty (either judicial or administrative).

12

(c)    Any requirement that the forfeitures must be commenced or completed at or by any particular time, including but not limited to any time or date imposed by a statute of limitations, any other statute, the doctrine of laches, or any administration rule or regulation. The Defendant further specifically agrees that the Court may immediately enter a preliminary order of forfeiture in this criminal proceeding consistent with this plea agreement and that it is not necessary to wait for the formal sentencing of the Defendant for the entry of said order.

5.  As required by Title 18, United States Code, Section 3663A and as agreed pursuant to Title 18, United States Code, Section 3663(a)(3), Defendant will pay restitution. Defendant agrees that restitution in this case is not limited to the victim(s) included in the specific charges to which the defendant has pled guilty.  The parties have not yet come to an agreement on the terms of restitution. Restitution will be due and payable immediately at the time of sentencing.

## VII.  Collateral Consequences of Conviction

1.    Defendant understands that Defendant is pleading guilty to a felony punishable by a term of imprisonment exceeding one year.  Therefore, no matter what sentence the Court imposes (whether probation or any term of imprisonment), Defendant will be forbidden by federal firearms laws from possessing any type of firearm in Defendant's lifetime, unless Defendant obtains relief pursuant to 18 U.S.C. § 925, or other appropriate federal statute.

2.    Defendant acknowledges that other collateral consequences are possible.

## VIII.  Defendant's Acknowledgements

1.    Defendant is fully satisfied with the representation received from defense counsel. Defendant has reviewed the United States' evidence and has discussed the United States' case, possible defenses and defense witnesses with defense counsel.  Defendant's attorney has completely and satisfactorily explored all areas which Defendant has requested relative to the United States' case and possible defenses.  Defendant acknowledges having had adequate opportunity to discuss the potential consequences of the guilty plea with defense counsel. Defendant has had all of Defendant's questions answered by defense counsel.  Defendant agrees

13

that this Plea Agreement is not the result of any threats, duress, or coercion.  Defendant enters

this guilty plea freely, voluntarily, and knowingly, because Defendant is in fact guilty.

    2.    By signing this Plea Agreement, Defendant certifies having read it (or that it has

been read to Defendant in a language that Defendant understands), Defendant has discussed the

terms of this Plea Agreement with defense counsel and fully understands its meaning and effect.


## IX.

No additional matters are in dispute.


UNITED STATES OF AMERICA,

STEVEN D. WEINHOEFT
United States Attorney

_____          _____
CAMERON J. BLAKE                          ALEXANDRIA M. BURNS
Defendant                                 Assistant United States Attorney

_____          Date:  3/16/2021
DAVID BRENGLE
Attorney for Defendant

Date:  03/16/2021

14